**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CLARISSA J. S.,

    **Plaintiff,**

    v.

ANDREW SAUL, COMMISIONER OF
SOCIAL SECURITY,

    **Defendant.**

Case No. 16-CV-1354-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Approval of Attorney Fees (Doc. 27), which seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $18,624.25. The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Plaintiff's motion, awards $18,624.25 in reasonable attorney's fees, and orders Plaintiff's counsel to refund to Plaintiff the smaller fee amount ($7,500) that he received under the Equal Access to Justice Act ("EAJA") after he receives his attorney's fees.

**I.**      **Background**

Plaintiff hired counsel to prosecute her claim for social security benefits in January 2016. They entered into a contingent-fee agreement for 25% of all retroactive benefits.[1] On September 13, 2016, Plaintiff filed a Complaint in this Court appealing the administrative decision denying her disability benefits.[2] On August 10, 2017, this Court reversed the decision of the

---

[1] Doc. 28-3.

[2] Doc. 1.

Commissioner and remanded the case to the Administrative Law Judge.[3] On November 27, 2017, this Court approved an order for attorney's fees under the EAJA in the amount of $7,500.[4]

On remand, the Commissioner awarded Plaintiff total retroactive benefits of $98,497 and withheld twenty-five percent, $24,624.25. This amount was reduced by $6,000 due to Plaintiff's hearing level representative's fee. Thus, the total amount of funds available is $18,624.25.[5]

Plaintiff's counsel now seeks attorney's fees. He provides an affidavit in which he states that he did not receive a Notice of the Award when it was issued and only recently became aware of the retroactive benefit award on May 5, 2020.[6] On that date, the Social Security Administration ("SSA") sent Plaintiff's counsel a letter stating that it was continuing to hold $18,624.25, representing 25% of Plaintiff's past-due benefits award minus $6,000 it had already paid the hearing level representative.[7] Defendant takes no position on counsel's fee request but defers to the Court's discretion on the reasonableness of the award.[8]

## II.     Legal Standard

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."[9]

---

[3] Docs. 21, 22.

[4] Doc. 26.

[5] The $7,500 in EAJA fees has not been paid out yet.

[6] Doc. 28-1.

[7] Doc. 28-2.

[8] Doc. 29.

[9] "The [SSA] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* (citations omitted).

This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where a plaintiff eventually is awarded past-due benefits.[10] The amount of a fee award under § 406(b) is committed to the Court's sound discretion.[11]

In determining whether a contingent-fee agreement produces reasonable results or whether the fee award should be reduced, the Supreme Court has directed courts to consider several factors, specifically: (1) the character of the representation and whether the results it achieved were substandard; (2) whether the attorney was responsible for delay that caused benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.[12] The Supreme Court noted that "the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate."[13] "If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[14]

## III. Discussion

Applying the factors described above, the Court concludes that the requested fee of $18,624.25 is reasonable. Counsel achieved a favorable result and was not responsible for any delay in the case. Plaintiff received an award of $98,497. Counsel seeks attorney's fees in the amount of $18,624.25 which represents 25% ($24,624.25) of the past due benefits minus the $6,000 already paid to Plaintiff's representative at the hearing level. Plaintiff's counsel,

---

[10] *Id.* at 503.

[11] *Id*. at 505 (citation omitted); *see also Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for work done before it").

[12] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[13] *Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (citing *Gisbrecht*, 535 U.S. at 808).

[14] *McGraw*, 450 F.3d at 497–98 (first citing *Gisbrecht*, 535 U.S. at 796; then citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)).

however, shall refund $7,500 (the EAJA award) from the $18,624.25 paid out to Plaintiff. Thus, Plaintiff's counsel will net $11,124.25 in attorney's fees. Counsel spent 43.95 hours representing Plaintiff. Thus, the hourly rate equals $253.11 per hour.[15] In sum, the Court finds the attorney's fee request reasonable, and the Court grants Plaintiff's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion for Approval of Attorney Fees (Doc. 27) is granted. Plaintiff's attorney, David H.M. Gray, is entitled to $18,624.25 in attorney's fees. From that amount, Plaintiff's counsel shall refund $7,500, the amount of the smaller EAJA award, to Plaintiff. The Commissioner shall pay the fees from the amount which he is withholding from Plaintiff's past-due benefits. The Commissioner shall pay the remainder of the withheld benefits to Plaintiff.

**IT IS SO ORDERED.**

Dated: June 19, 2020

                                                            S/ Julie A. Robinson
                                                            JULIE A. ROBINSON
                                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[15] *See Williams v. Berryhill*, No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (collecting cases approving fee awards as reasonable with hourly rates ranging from $258.63 to $432.02).